IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01151-BNB

SEAN WRIGHT,

    Plaintiff,

v.

GEO GROUP INC.,
ALASKA DEPARTMENT OF CORRECTIONS,
WARDEN JOE DRIVER,
TAMI ANDING, H.S.A.,

    Defendants.

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

    Plaintiff, Sean Wright, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the correctional facility in Hudson, Colorado.  Mr. Wright initiated this action by filing *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983 seeking money damages and declaratory and unspecified injunctive relief.  Mr. Wright has been granted leave to proceed pursuant to 28 U.S.C. § 1915 without an initial partial filing fee.

    The Court must construe Mr. Wright's filings liberally because he is representing himself.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  If the complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*,

935 F.2d at 1110.   However, the Court should not be an advocate for a *pro se* litigant. *See id.*  For the reasons set forth below, Mr. Wright will be ordered to file an amended complaint.

In the Complaint, Mr. Wright asserts one claim.  He asserts that he has been denied proper medical treatment for pain and infection in his right ear and that he has suffered from severe hearing loss as a result.  Mr. Wright asserts that his Eighth Amendment right has been violated, and he seeks damages as relief.

However, Mr. Wright is suing an improper party.  Regardless of the relief sought, he may not sue the Alaska Department of Corrections.  The State of Alaska and its entities, such as the Alaska Department of Corrections, are protected by Eleventh Amendment immunity.  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Meade v. Grubbs*, 841 F.2d 1512, 1525-26 (10th Cir. 1988).  "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies."  *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994), overrruled on other grounds by *Ellis v. University of Kansas Med. Ctr.*, 163 F.3d 1186 (10th Cir. 1998).  The State of Alaska has not waived its Eleventh Amendment immunity, and congressional enactment of § 1983 did not abrogate Eleventh Amendment immunity, *see Quern v. Jordan*, 440 U.S. 332, 340-345 (1979).  The Eleventh Amendment applies to all suits against the state and its agencies, regardless of the relief sought.  *See Higganbotham v. Okla. Transp. Comm'n*, 328 F.3d 638, 644 (10th Cir. 2003).

Further, the Court notes that Mr. Wright is suing the Geo Group Inc., which he asserts is a "private prison contractor", because this entity allegedly is responsible for the acts of its employees. Complaint at 2. However, under § 1983, liability cannot be imposed "vicariously on a theory of *respondeat superior*." *Trujillo v. Williams*, 465 F.3d 1210, 1228 (10th Cir. 2006); *see also Smedley v. Corr. Corp. of Am.*, 175 Fed. Appx. 943, 946 (10th Cir. Dec. 20, 2005) (unpublished opinion) (holding that "a private actor . . . 'cannot be held liable solely because it employs a tortfeasor - or, in other words . . . cannot be held liable under § 1983 on a *respondeat superior* theory.'") (citation omitted)). Instead, a private corporation is liable under § 1983 only when an official policy or custom of the corporation cause or is the "moving force of the constitutional violation." *Monell v. Dept. of Social Servs.*, 436 U.S. 658 (1978); *see also Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216 (10th Cir. 2003) (holding that traditional municipal liability principles apply to claims brought pursuant to 42 U.S.C. § 1983 against private corporations). It does not appear that Defendant Geo Group Inc. is a proper party to this action.

Finally, Mr. Wright is directed that he must assert personal participation by each named defendant in the amended complaint. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Wright must name and show how the named defendants caused a deprivation of his federal rights. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant, such as Warden Joe Driver, may not be held liable on a

theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). A supervisor is only liable for constitutional violations that he or she causes. *See Dodds v. Richardson*, 614 F.3d 1185, 1211 (10th Cir. 2010).

Mr. Wright may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Wright uses fictitious names he must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

Mr. Wright, therefore, will be directed to file an amended complaint that sues the proper parties, states his claims clearly and concisely, and alleges specific facts demonstrating how each named defendant personally participated in the asserted constitutional violations. Mr. Wright is reminded that it is his responsibility to present his claims in a manageable format that allows the Court and the defendants to know what claims are being asserted and to be able to respond to those claims. Accordingly, it is

ORDERED that Plaintiff, Sean Wright, file **within thirty (30) days from the date of this order** an amended complaint that complies with the directives of this order. It is

FURTHER ORDERED that Mr. Wright shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov, and use that form to file the amended complaint. It is

FURTHER ORDERED that if Mr. Wright fails to file an amended complaint as directed within the time allowed, the complaint and the action will be dismissed without further notice.

DATED at Denver, Colorado, this 5th day of July, 2012.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge