IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01151-BNB

SEAN WRIGHT,

    Plaintiff,

v.

JOHN & JANE DOE'S (Alaska MAC Committee), and
TAMATHA K. ANDING (Health Services Admin),

    Defendants.

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

    Plaintiff, Sean Wright, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the correctional facility in Hudson, Colorado. Mr. Wright initiated this action by filing *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983 seeking money damages and declaratory and unspecified injunctive relief. Mr. Wright has been granted leave to proceed pursuant to 28 U.S.C. § 1915 without an initial partial filing fee.

    On July 5, 2012, the Court determined that the complaint was deficient because Plaintiff was suing improper parties, and because he failed to allege the personal participation of each named defendant. Therefore, Mr. Wright was directed to file an amended complaint, which he submitted to the Court on July 23, 2012.

    The Court must construe Mr. Wright's filings liberally because he is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the complaint reasonably can be read "to state a valid

claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110.   However, the Court should not be an advocate for a *pro se* litigant. *See id*.  For the reasons set forth below, Mr. Wright will be ordered to file a second amended complaint.

In the amended complaint, Mr. Wright asserts two claims.  In general, he alleges that he has been denied proper medical treatment for pain and infection in his right ear and that he has suffered from severe hearing loss as a result.  Mr. Wright asserts that his Eighth and Fourteenth Amendment rights have been violated, and he seeks damages as relief.  However, Mr. Wright has failed to name as defendants the people responsible for these alleged constitutional violations.

Mr. Wright has named Health Services Administrator Tamatha K. Anding as a defendant on the basis that she had denied grievances filed by Mr. Wright.  Mr. Wright has named "John and Jane Does" of the Alaska Medical Advisory Committee (MAC) as defendants on the basis that this committee denied appeals of his grievances. However, the Tenth Circuit has repeatedly noted "that 'the denial of . . . grievances alone is insufficient to establish personal participation in the alleged constitutional violations'" of other defendants.  *Whitington v. Ortiz*, 307 Fed. Appx. 179, 193 (10th Cir. Jan. 13, 2009) (unpublished decision) (quoting *Larson v. Meek,* 240 Fed. Appx. 777, 780 (10th Cir. June 14, 2007) (unpublished decision)).  The allegations in Mr. Wright's amended complaint do not establish the personal participation of the named

defendants. Instead, Mr. Wright should name as defendants those prison officials who actually participated in his medical care.

Mr. Wright is reminded that, to establish personal participation, he must name and show how the named defendants caused a deprivation of his federal rights. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant, such as Administrator Tamatha K. Anding, may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). A supervisor is only liable for constitutional violations that he or she causes. *See Dodds v. Richardson*, 614 F.3d 1185, 1211 (10th Cir. 2010).

Mr. Wright may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Wright uses fictitious names he must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

Mr. Wright, therefore, will be directed to file a second amended complaint that sues the proper parties, states his claims clearly and concisely, and alleges specific facts demonstrating how each named defendant personally participated in the asserted constitutional violations. Mr. Wright is reminded that it is his responsibility to present his claims in a manageable format that allows the Court and the defendants to know what claims are being asserted and to be able to respond to those claims. Accordingly, it is

ORDERED that Plaintiff, Sean Wright, file **within thirty (30) days from the date of this order** a second amended complaint that complies with the directives of this order. It is

FURTHER ORDERED that Mr. Wright shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov, and use that form to file the second amended complaint. It is

FURTHER ORDERED that if Mr. Wright fails to file a second amended complaint as directed within the time allowed, the amended complaint and the action will be dismissed without further notice.

DATED at Denver, Colorado, this 14th day of August, 2012.

BY THE COURT:

    s/Craig B. Shaffer
CRAIG B. SHAFFER
United States Magistrate Judge