IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01151-BNB

SEAN WRIGHT,

    Plaintiff,

v.

JOHN & JANE DOE'S (Alaska MAC Committee), and
TAMATHA K. ANDING (Health Services Admin),

    Defendants.

## ORDER OVERRULING OBJECTION

This matter is before the Court on the letter that Plaintiff, Sean Wright, filed with the Court *pro se* on August 23, 2012.

The Court must construe Mr. Wright's filings liberally because he is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. The Court will construe the document liberally as an objection filed pursuant to 28 U.S.C. § 636(b)(1)(A). For the reasons stated below, the objection will be overruled.

Pursuant to § 636(b)(1)(A), a judge may reconsider any pretrial matter designated to a magistrate judge to hear and determine where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.

In his liberally construed objection, Mr. Wright objects to Magistrate Judge Craig B. Shaffer's order of August 14, 2012, requiring him to file a second amended complaint and allege the personal participation of each named defendant. Mr. Wright argues that

he has demonstrated the personal participation of Defendants John and Jane Does of the Alaska Medical Committee and Health Services Administrator Tamatha K. Anding in the Amended Complaint. He asserts that these Defendants are "directly responsible" for denying him access to medical care. However, in the Amended Complaint, Mr. Wright alleges that he filed grievances regarding his medical care with Defendant Anding that were denied, and then appealed those grievances to the Alaska Medical Committee. Mr. Wright has attached numerous grievances to the Amended Complaint which appear to demonstrate that the only involvement Defendants Anding and the Alaska Medical Committee had with his medical care was addressing the grievances he filed alleging that medical staff had denied him treatment. *See*, *e.g.,* Amended Complaint at 35. Further, the documents attached to the Amended Complaint demonstrate that Mr. Wright filed numerous "requests for medical care" and was told to report to "sick call" for treatment. *See, e.g.,* Amended Complaint at p. 37. Mr. Wright does not explain if and when he reported to "sick call" and whether he was denied or given improper medical care by those medical providers.

Mr. Wright's allegations that the named Defendants denied him medical care when they reviewed his grievances do not establish that they were "directly responsible" for his medical care. This is because "'the denial of . . . grievances alone is insufficient to establish personal participation in the alleged constitutional violations'" of other defendants. *Whitington v. Ortiz*, 307 Fed. Appx. 179, 193 (10th Cir. Jan. 13, 2009) (unpublished decision) (quoting *Larson v. Meek*, 240 Fed. Appx. 777, 780 (10th Cir. June 14, 2007) (unpublished decision)). Instead, there must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055

(10th Cir. 1993).  Therefore, Mr. Wright should name as defendants those officials who actually participated in his medical care.  Having reviewed Magistrate Shaffer's August 14 Order for a Second Amended Complaint, the Court finds that it is neither clearly erroneous nor contrary to law.  Therefore, Mr. Wright's liberally construed objection will be overruled.  Accordingly, it is

ORDERED that the document filed by Plaintiff on August 23, 2012 (ECF No. 25) is liberally construed as an Objection filed pursuant to 28 U.S.C. § 636(b)(1)(A) and is OVERRULED.  It is

FURTHER ORDERED that Mr. Wright has **thirty (30) days from the date of this Order** to comply with the August 14, 2012 Order for a Second Amended Complaint.  It is

FURTHER ORDERED that if Mr. Wright fails to comply with the August 14, 2012 Order, as directed, the action will be dismissed without further notice.  It is

DATED at Denver, Colorado, this  5th  day of    September       , 2012.

BY THE COURT:

  s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge  
United States District Court