IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01151-BNB

SEAN WRIGHT,

    Plaintiff,

v.

JOHN & JANE DOE'S [sic] (Alaska MAC Committee), and
TAMATHA K. ANDING (Health Services Admin),

    Defendants.

ORDER DENYING MOTION

    This matter is before the Court on the motion titled "Motion For Order Requesting Access to Plaintiff's Legal Material" (ECF No. 27) filed on September 5, 2012, by Plaintiff, Sean Wright.  Mr. Wright is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the correctional center in Hudson, Colorado.

    In the motion, Mr. Wright asks the Court to order the Hudson Correctional Facility to grant him access to a desktop computer to view his legal compact disks (CDs).  He contends the prison facility recently "removed all the computers that inmates are allowed to view their legal materials on and now refuse this plaintiff access to his CD's [sic] so he can continue with his case."  ECF No. 27 at 1.

    Prisoners have a constitutional right to meaningful access to the courts.  *See Lewis v. Casey*, 518 U.S. 383, 348 (1995).  However, an inmate alleging a constitutional violation must demonstrate that he suffered actual injury to his or her ability to pursue a

non-frivolous legal claim. *See id.* at 349; *Penrod v. Zavaras*, 94 F.3d 1399, 1403 (10th Cir. 1996). Mr. Wright fails to provide factual allegations regarding how denial of access to a computer and legal materials on CD has hindered his access to the courts. In *Lewis*, the Supreme Court cites two examples of when an inmate's efforts to pursue a legal claim may be hindered. First, an inmate's efforts may be hindered when a complaint prepared by an inmate is dismissed for failure to satisfy a technical requirement due to deficiencies in a prison's legal assistance facilities. *Id. at 351*. Another example of hindering an inmate's efforts would be when an inmate is so stymied by inadequacies of the law library that he is unable to file a complaint. *Id.* Neither of the examples set forth in *Lewis* appear to be at issue in this case. Mr. Wright's perfunctory allegations concerning the alleged denial of access to the courts as a result of his inability to access information on confiscated computer disks is insufficient to meet the burden of showing actual injury. *See Harmon v. Keith*, 383 F. App'x 770, 771 (10th Cir. 2010).

Accordingly, it is

ORDERED that the motion titled "Motion For Order Requesting Access to Plaintiff's Legal Material" (ECF No. 27) filed on September 5, 2012, by Plaintiff, Sean Wright, is denied.

DATED September 10, 2012, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge