IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01151-BNB

SEAN WRIGHT,

    Plaintiff,

v.

JOHN & JANE DOE (Alaska MAC Committee), and
TAMATHA K. ANDING, H.S.A.,

    Defendants.

## ORDER OF DISMISSAL

    Plaintiff, Sean Wright, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the correctional facility in Hudson, Colorado. Mr. Wright initiated this action by filing *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1) seeking money damages and injunctive relief.

    Mr. Wright has been granted leave to proceed pursuant to the federal *in forma pauperis statute*, 28 U.S.C. § 1915. Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous, malicious, or seeks monetary relief against a defendant who is immune from such relief. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Under § 1983, a plaintiff must allege that the defendants have violated his or her rights under the Constitution and laws of the United States while

they acted under color of state law. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 150 (1970).

Mr. Wright is cautioned that his ability to file a civil action or appeal in federal court *in forma pauperis* pursuant to § 1915 may be barred if he has three or more actions or appeals in any federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(g). Under § 1915(g), the Court may count dismissals entered prior to the enactment of this statute. *Green v. Nottingham*, 90 F.3d 415, 420 (10th Cir. 1996).

The Court reviewed the complaint Mr. Wright originally filed and determined it was deficient because Plaintiff was suing improper parties and failed to allege the personal participation of each named defendant. Therefore, on July 5, 2012, Magistrate Judge Craig B. Shaffer ordered (ECF No. 17) Mr. Wright to file an amended complaint, which he submitted to the Court on July 23, 2012 (ECF No. 19).

In the amended complaint, Mr. Wright asserted two claims. In general, he alleged he was denied proper medical treatment for pain and infection in his right ear and that he has suffered from severe hearing loss as a result. On the basis of these allegations, Mr. Wright asserted that his Eighth and Fourteenth Amendment rights were violated, and he sought declaratory and injunctive relief and money damages.

On August 14, 2012, Magistrate Judge Shaffer determined that the amended complaint was deficient because Plaintiff failed to name as defendants the people responsible for these alleged constitutional violations, and ordered Mr. Wright (ECF No. 21) to file a second amended complaint. In the August 14 order, Magistrate Judge

Shaffer also noted that Mr. Wright should name as defendants the prison officials who actually provided his medical care:

> Mr. Wright has named Health Services Administrator Tamatha K. Anding as a defendant on the basis that she had denied grievances filed by Mr. Wright. Mr. Wright has named "John and Jane Does" of the Alaska Medical Advisory Committee (MAC) as defendants on the basis that this committee denied appeals of his grievances. However, the Tenth Circuit has repeatedly noted "that 'the denial of . . . grievances alone is insufficient to establish personal participation in the alleged constitutional violations'" of other defendants. *Whitington v. Ortiz*, 307 Fed. Appx. 179, 193 (10th Cir. Jan. 13, 2009) (unpublished decision) (quoting *Larson v. Meek,* 240 Fed. Appx. 777, 780 (10th Cir. June 14, 2007) (unpublished decision)). The allegations in Mr. Wright's amended complaint do not establish the personal participation of the named defendants. Instead, Mr. Wright should name as defendants those prison officials who actually participated in his medical care.

Order of August 14, 2012 (ECF No. 21), at 2-3. The Court underscored this directive in the order of September 5, 2012 (ECF No. 26), overruling Mr. Wright's objection to the August 14 order. On October 1, 2012, after being granted an extension of time, Mr. Wright filed the second amended complaint (ECF No. 33) for declaratory and injunctive relief and money damages.

The Court must construe Mr. Wright's filings liberally because he is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the second amended complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate

for a *pro se* litigant. *See id.* For the reasons set forth below, the second amended complaint and the action will be dismissed.

Mr. Wright, who failed to use the Court-approved Prisoner Complaint in filing the second amended complaint, asserts claims that are substantively identical to the claims asserted in his July 23 amended complaint. However, he persists in naming as defendants Health Services Administrator Tamatha K. Anding on the basis that she denied grievances filed by Mr. Wright and the "John and Jane Doe" of the Alaska Medical Advisory Committee (MAC) on the basis that the committee denied appeals of his grievances. He emphasizes these defendants' supervisory responsibilities but, as he previously was informed in the July 5 and August 14 orders for amended complaints, a defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See* ECF No. 17 at 3-4, ECF No. 21 at 3.

The Court reiterates its previous orders. *See* ECF No. 21 at 2-3, ECF No. 26 at at 2-3. The Tenth Circuit repeatedly has noted "that 'the denial of . . . grievances alone is insufficient to establish personal participation in the alleged constitutional violations.'" *Whitington v. Ortiz*, 307 Fed. App'x 179, 193 (10th Cir. Jan. 13, 2009) (unpublished decision) (quoting *Larson v. Meek,* 240 Fed. Appx. 777, 780 (10th Cir. June 14, 2007) (unpublished decision)).

The allegations in Mr. Wright's second amended complaint do not establish the personal participation of the named defendants. As he was informed in the July 5 and August 14 orders for an amended complaint, Mr. Wright must name and show how the named defendants caused a deprivation of his federal rights to establish personal participation. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an

affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). A supervisor is only liable for constitutional violations that he or she causes. *See Dodds v. Richardson*, 614 F.3d 1185, 1211 (10th Cir. 2010). Mr. Wright has failed to heed this Court's warnings to name as defendants those prison officials who actually participated in his medical care. Therefore, the complaint and the action will be dismissed pursuant to § 1915(e)(2)(B) as legally frivolous.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Wright files a notice of appeal he also must pay the full $455.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the complaint and the action are dismissed pursuant to 28 U.S.C. § 1915 as legally frivolous. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this  7th  day of    November         , 2012.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court