IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01151-LTB

SEAN WRIGHT,

        Plaintiff,

v.

JOHN & JANE DOE (Alaska MAC Committee), and
TAMATHA K. ANDING, H.S.A.,

        Defendants.

---

## ORDER DENYING MOTION TO RECONSIDER

---

        Plaintiff, Sean Wright, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the correctional facility in Hudson, Colorado.  He filed *pro se* on November 21, 2012, a motion titled "Motion to Reconsider Dismissal" (ECF No. 40), in which he asks the Court to reconsider and vacate the Order of Dismissal (ECF No. 36) and the Judgment (ECF No. 37) entered in this action on November 7, 2012.

        The Court must construe the motion liberally because Mr. Wright is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  For the reasons stated below, the motion for reconsideration will be denied.

        A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment

pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). The Court will consider Mr. Wright's motion to reconsider pursuant to Rule 59(e) because the motion was filed within twenty-eight days after the Judgment was entered in this action. *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion).

A Rule 59(e) motion may be granted "to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted). Relief under Rule 59(e) also is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). However, a Rule 59(e) motion is not a new opportunity to revisit issues already addressed or to advance arguments that could have been raised previously. *See id.*

The Court dismissed the complaint and the instant action pursuant to 28 U.S.C. § 1915 as legally frivolous because he failed, after being warned in the order of August 13, 2012, for an amended complaint, to name as Defendants the prison officials who actually denied him medical care, and not the individuals who denied his grievances. The November 7 dismissal order discusses in greater detail the reasons for the dismissal.

Upon consideration of the motion to reconsider and the entire file, the Court finds that Mr. Wright fails to demonstrate some reason why the Court should reconsider and

2

vacate the order to dismiss this action.  The motion to reconsider will be denied.  Mr.

Wright is reminded that the dismissal of the instant action was without prejudice.  If he

wishes to pursue his claims he may do so by initiating a new and separate action.

Accordingly, it is

ORDERED that the motion titled  "Motion to Reconsider Dismissal" (ECF No. 40),

that Plaintiff, Sean Wright, filed *pro se* on November 21, 2012, and which the Court has

treated as a motion for reconsideration pursuant to Rule 59(e) of the Federal Rules of

Civil Procedure, is DENIED.  It is

FURTHER ORDERED that the Court will not address the merits of the Prisoner

Complaint (ECF No. 41) and Amended Complaint (ECF No. 42) that Mr. Wright filed in

this action on November 21, 2012.

DATED at Denver, Colorado, this  4th  day of ___December_____, 2012.

BY THE COURT:


___s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court